# JAMES VOLPE v. AUGUST CEDERSTRAND and Another.[1]

## July 10, 1914.

## Nos. 18,669—(205).

**Safe place to work — contributory negligence.**

1. Defendants, copartners, were engaged under a contract with the owner in excavating a basement for a new building; the soil was composed of sand and the walls of the excavation were not self supporting; to hold them in position and to enable workmen to remove the earth and material from the proposed basement up to the outer walls thereof, defendants, through their foreman in charge of the work, constructed a contrivance termed "pile sheeting" along the outer line of the excavation; this would serve the purpose intended and retain the banks in position, but unless securely braced was a source of danger to men working at its base. Plaintiff was a common laborer, and had been in the employ of defendant three days as a shoveler; on the third day of his service he was taken from a place of safety and ordered by the foreman to work at the base of the pile-sheeting structure; the structure was insecurely braced and collapsed, owing to the pressure of the bank upon it, and plaintiff was injured; he had no part in the construction of the pile sheeting, which was installed in the excavation, not as a part of the work, but to facilitate the performance of defendants' contract. It is *held:*

(1) That the verdict of the jury finding that the structure was improperly and negligently constructed and braced is sustained by the evidence.

---

[1] Reported in 148 N. W. 119.

(2) That such negligence constituted a breach of defendants' obligation to provide plaintiff with a safe place in which to do his work.

(3) That the issues of contributory negligence and assumption of risk were properly submitted to the jury.

No error.

2. The record contains no reversible error.

Action in the district court for Ramsey county to recover $10,200 for personal injury received while in the employ of defendants. The case was tried before Dickson, J., who denied defendants' motions to dismiss the action, and a jury which returned a verdict for $1,555 in favor of plaintiff. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Watson & Abernethy,* for appellants.

*Duxbury, Conzett & Pettijohn,* for respondent.

BROWN, C. J.

Action for personal injuries in which plaintiff had a verdict and defendants appealed from an order denying their alternative motion for judgment or a new trial.

There is no substantial controversy about the facts, which in brief are as follows: Defendants, copartners, were engaged as contractors in excavating the basement for a new building, and plaintiff and others were in their employ in and about the work. The area of the basement was about 70 by 90 feet, and was to be excavated to a depth of about 22 feet. Some time prior to the date of the accident here in question, defendants by means of scrapers and conveyors had extended the excavation to a depth of 20 feet in the center. The soil was wholly of sand and the banks were not self supporting. A "pile sheeting" was constructed along the outer line for the purpose of holding the banks firm, and preventing the same from caving in and filling the excavation with loose sand and gravel. This structure was made up by laying a stringer upon a prepared ledge 15 feet below the surface, and driving upright planks into the sand back of it, thus providing a support for the walls of the basement. The ledge holding the upright planks in place was braced by other timbers. If properly constructed this contrivance would serve the

intended purpose, and also enable the workmen to remove all material up to the side wall. If not properly constructed and insecurely braced its presence was a source of danger to the workmen. It was constructed under the direction of defendants' foreman who had full charge of the work. Plaintiff had been in the employ of defendants at this work for two days, and was injured on the third day of such employment. He is a common Italian laborer, and not shown to have possessed more than ordinary intelligence. The structure referred to was in position when he entered the service and he had no hand in its construction. During the first two days of work he was engaged in the center of the excavation in shoveling sand into buckets to be carted away by hoisting machinery. This place of work was a safe distance from the walls of the excavation and was one of perfect safety. On the morning of the third day he was directed to work in close proximity to the "pile-sheeting" structure, and to shovel and remove sand at the base thereof. He was engaged in this work for two hours or more when the structure collapsed, and the timbers thereof were thrown upon him, seriously injuring one of his legs. He thereafter brought this action to recover for his injuries, alleging that they were caused by the negligent failure of defendants to provide and maintain for him a reasonably safe place in which to do his work; that the pile-sheeting structure was improperly constructed, insecurely braced, and insufficient to withstand the pressure of the sand and earth from the bank, in consequence of which it gave way.

1. The case was sent to the jury under clear instructions solely upon the question whether defendants failed in their obligation to furnish and maintain plaintiff a safe place to do his work. We are of opinion, and so hold, that the trial court properly so submitted the case, and that the evidence sustains the verdict. The pile sheeting here in question was not constructed as a part of the work in which the employees were engaged; on the contrary, was furnished by defendants to facilitate in the performance of the contract, and was a completed structure when plaintiff was set to work at the base thereof. The distinction between a structure furnished as a part of, or for, the work is pointed out in Fraser v. Red River Lumber Co.

45 Minn. 235, 47 N. W. 785. The purpose of this structure was to hold the banks in position and to enable the men to completely remove the sand and earth from the proposed basement. Its presence served as a protection to the workmen while engaged near the bank, and was a source of danger to them if insecurely braced. If negligently constructed there was a failure to provide plaintiff a safe place in which to do his work. It does not matter that as the sand was removed by the men the pile sheeting planks were driven lower into the bank. Carlson v. Haglin, 95 Minn. 347, 104 N. W. 297. The structure was permanent, intended to remain until the work was completed, and collapsed, not from the further extension thereof, but by reason of the failure properly to brace the timbers holding it in place. The evidence makes this fact clear, and the contention of defendant that the cause of the collapse rests in conjecture is not well taken. The case, in its controlling facts, and on principle, cannot be distinguished from Carlson v. Northwestern Tel. Exch. Co. 63 Minn. 428, 65 N. W. 914; and Nicholas v. Burlington, C. R. & N. Ry. Co. 78 Minn. 43, 80 N. W. 776; Arnold v. Dauchy, 115 Minn. 28, 131 N. W. 625. It is well settled in this state that the master "must use reasonable diligence in seeing that the place where the service is to be performed is safe for that purpose; and this duty, the master's liability to his servant, extends not only to such unnecessary and unreasonable risks as are in fact known to him, but to such as he ought to know, in the exercise of proper diligence." Bennett v. Syndicate Ins. Co. 39 Minn. 254, 39 N. W. 488. The structure in question was a source of danger to the workmen, if not properly braced, and defendants were under obligation to exercise reasonable care to keep and maintain in safe condition. McCoy v. Northern Heating & Ele. Co. 104 Minn. 234, 116 N. W. 488. It was constructed for the purposes of defendants in the furtherance of the work, under the direction of their foreman, and no question of the negligence of fellow servants is involved, and the court properly so charged the jury. Nor does the case involve the question whether defendants supplied sufficient material for the structure. Since it was placed in the excavation for defendants' purposes, and not by the employees for their use or convenience, the rule of the scaf-

folding cases does not apply. Carlson v. Haglin, 95 Minn. 347, 104 N. W. 297. That the foreman in charge of the work was a vice principal in so far as concerned the construction and maintenance of the pile sheeting is clear. The proper construction and the maintenance thereof involved the duty of the defendants to provide plaintiff a safe place to work, a duty of which defendants could not relieve themselves by delegating it to the foreman. 2 Dunnell, Minn. Dig. § 5949.

2. The issues of assumption of risk and contributory negligence were submitted to the jury under proper instructions, and the evidence sustains the verdict of the jury thereon. There was, for the reasons heretofore stated, no error in the exclusion of evidence relative to the material furnished by defendants for this structure. Plaintiff had no part in erecting the instrumentality or in selecting the material therefor, nor was it placed in the pit for his convenience.

We discover no error in the record and the order appealed from must be affirmed.

Order affirmed.