GROVE v. MICHIGAN PAPER COMPANY.

MASTER AND SERVANT—PERSONAL INJURIES — WORKMEN'S COMPEN-
SATION ACT—INDUSTRIAL ACCIDENT BOARD.

Upon appeal from findings of the Industrial Accident
Board determining that claimant received his injuries
as claimed by him from a strain which he received in
lifting, where there was evidence tending to support the
finding of the board, the judgment must be affirmed. Act
No. 10, Extra Session 1912 (2 How. Stat. [2d Ed.] § 3939
et seq.).

Certiorari to Industrial Accident Board. Submitted
November 13, 1914. (Docket No. 89.) Decided
March 17, 1915.

Bert H. Grove presented his claim against the
Michigan Paper Company for compensation to the In-
dustrial Accident Board, which granted the award.
Contestant and the Fidelity & Casualty Company of
New York, its insurer, bring certiorari. Affirmed.

*Charles H. Ruttle,* for appellants.

*Person, Shields & Silsbee,* for appellee.

MOORE, J. This case is brought here by certiorari
to the Industrial Accident Board. Mr. Grove claims
that while he was in the employ of the Michigan Paper
Company he received an accident which entitled him
to compensation. By proper proceedings the case
found its way to the Industrial Accident Board, which
affirmed that part of the award of the committee on
arbitration which established liability, but modified
the amount of compensation allowed. In its return to
the writ of certiorari appears the following:

"The testimony taken on the hearing before the

committee on arbitration was imperfectly taken and imperfectly transcribed. The testimony as actually transcribed, with the notes of the reporter showing omissions included, with the exception of qualifying questions being in narrative form, is hereto attached as Exhibit 4."

A finding of facts is returned which reads as follows:

"(1) The claimant, Bert H. Grove, was employed by one C. W. Breding of Plainwell, Mich., in February, 1913, and had worked for him for several months prior thereto as a blacksmith.

"(2) In March, 1913, the applicant, while so employed by said C. W. Breding, in the regular course of his duties shoeing horses, was suddenly jerked by one of the horses, causing a severe pain in the region of the groin. He continued to work for about two weeks, and then went to see Dr. Stuck, of Plainwell. Dr. Stuck gave him treatment and recommended that he see Dr. McNair, of Kalamazoo. He went and saw Dr. McNair on April 5th, rested one day, which was Sunday, and then returned to his regular work of horseshoeing, continuing such work until about July 1, 1913. During the month of July he was on his brother's farm spending his time in resting and fishing and was feeling well. The trouble caused by the jerk from the horse, which appears to have been an aneurysm, had practically disappeared.

"(3) On August 1, 1913, the applicant entered the employ of the Michigan Paper Company at Plainwell as a helper on the beaters at a wage of $2 a day; his duties being the lifting and moving of sacks of alum and sulphite and other material necessary in the manufacture of paper, such sacks varying in weight from 100 to 200 pounds.

"(4) On September 15, 1913, claimant, while loading a truck with the sacks mentioned, sustained the alleged accident, for which compensation is claimed, in the following manner: 'I had lifted quite a number, but the last two days I was here the man who worked with me was sick and I had to do the work for two men. I was loading the truck, and stooped down to get the alum, and pulled one sack like this (motioned), and then I reached down like this (mo-

tioned) to pick up another, and I felt this artery give way, * * * and I sat down on the floor.'

"(5) That the accident of September 15, 1913, caused a rupture of the femoral artery in the right leg, which immediately necessitated claimant's giving up his duties and undergoing an operation which was performed on September 26, 1913, at Kalamazoo, Mich. The condition of the aneurysm at the time of the operation was very serious, being a pulsating tumor about four to six inches in diameter."

It is the claim of the defendants that the condition of Mr. Grove is due to what happened at the blacksmith shop in February, 1913, and not to what happened September 15, 1913; while it is the claim of Mr. Grove that he had recovered from the strain he received in the blacksmith shop, and that his present condition was due to what happened in September, 1913.

It has already appeared that all the evidence taken before the board is not returned. It also appears there is testimony in the record tending to establish each of these theories. This being the situation disclosed, we do not understand that we are to weigh these conflicting claims.

In *Rayner* v. *Furniture Company*, 180 Mich. 168 (146 N. W. 665), Justice KUHN, speaking for the court, said:

"There being evidence to support this finding of fact by the terms of the act (part 3, section 12, Act No. 10, Public Acts Extra Session 1912), it becomes conclusive."

Counsel for appellants argue many interesting questions which we think it unnecessary to pass upon now.

The judgment of the Industrial Accident Board is affirmed, with costs against appellants.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.