---

MAZZARISI et al. v. WARD & TULLY et al.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. MASTER AND SERVANT ⚖️87½, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION LAW—APPLICABILITY—"SHEETING"—"PILE DRIVING."

An employé, engaged in driving piles on the beach and assisting in driving sheeting, falls within Workmen's Compensation Law (Consol. Laws, c. 67) § 2, group 11, classing as extrahazardous the occupations of dredging and pile driving, for sheeting is a form of pile driving, being the lining of timber to a caisson or cofferdam formed of sheet piles or piles with flanking between them, and the applicability of the act is not affected because the employé might at the time of injury have been engaged in making the sheeting.

2. MASTER AND SERVANT ⚖️87½, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION ACT—"INJURY."

Where an injured employé contracted septicæmia, causing death, his death was an injury, within Workmen's Compensation Act, § 3, cl. 7, defining "injury" as an accidental injury arising out of and in the course of employment and such disease as may naturally result therefrom, though the fatal disease would not have occurred save for antecedent conditions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Injury.]

Appeal from Workmen's Compensation Commission.

Proceedings by Carmela Mazzarisi and others against Ward & Tully, employer, and the Contractors' Mutual Insurance Corporation, insurance carrier, for compensation under the Workmen's Compensation Law for the death of an employé. From an award of the Workmen's Compensation Commission, defendants appeal. Affirmed.

Argued before KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Jeremiah J. Coughlan, of New York City, for appellants.

Egburt E. Woodbury, Atty. Gen., and Jeremiah F. Connor, of New York City (E. C. Aiken, Deputy Atty. Gen., of counsel), for respondents.

WOODWARD, J. [1] This court will not be warranted in disturbing the award made by the Commission. The evidence authorized the finding of the Commission that at the time Vito Mazzarisi received the injuries resulting in his death he "was working for his employer driving some piles on the beach at Coney Island and was assisting in

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

driving sheeting." This sheeting was to be used in a jetty to extend into the ocean for the protection of the municipal baths on the water front at Coney Island. In work of this character, sheeting is a form of piling. Volpe v. Cederstrand, 126 Minn. 355, 148 N. W. 119. The Century Dictionary defines "sheeting" as follows:

"In hydraulic engineering, a lining of timber to a caisson or cofferdam formed of sheet piles or piles with flanking between. Also any form of piling used to protect river banks."

The "driving" of "sheeting" was, indubitably, under the evidence and the authorities, the driving of "sheet piling," and brought Mazzarisi's employment within group 11 of the enumerated employments, to wit, "pile driving." The fact that the deceased may, at the moment he met with injury, have been engaged in performing a physical act more approximately incident to the making of this sheeting than to the driving of it down into the sand, could not, had the same been found by the Commission, or were the same required by the evidence, require reversal of the award.

[2] The immediate cause of death was septicæmia, which actually, naturally, and apparently unavoidably, ensued from the injuries to the abdomen and bladder occasioned by the decedent's fall. Workmen's Compensation Law, § 3, subd. 7. The Commission's inquiry on this point was thorough and skillful; this court has no reason to challenge its conclusion. Doubtless there was a diseased condition before the injury; it may be that the injury would not have caused his death but for these antecedent conditions; the injury may have been but one of concurring causes, set in motion by the injury. None of these facts, if found or clear from the evidence, would warrant vacating of the present award.

The award should be affirmed. All concur.

