## HILLS *v.* OVAL WOOD DISH CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—PERIOD OF DISABILITY—PRE-EXISTING DISEASE.

Where the disability of the employee is the result of injuries received in the course of his employment, the consequences extend through the entire period of disability, and the employer will not be relieved from paying the

compensation provided by Act No. 10, Extra Session 1912, even when the period of disability is prolonged by pre-existing disease.

Certiorari to the Industrial Accident Board. Submitted January 5, 1916. (Docket No. 22.) Decided June 1, 1916.

Petition by the Oval Wood Dish Company and Michigan Workmen's Compensation Mutual Insurance Company to be relieved from further payments to Asaph Hills under an agreement to pay compensation during the period of disability. From an order denying the petition petitioners bring certiorari. Affirmed.

*Beaumont, Smith & Harris,* for appellants.

*Turner & Turner* and *R. R. Gale,* for appellee.

PERSON, J. While claimant was employed in the sawmill of the Oval Wood Dish Company, at Traverse City, he met with an accident by which his right arm was injured above the elbow. As found by the Industrial Accident Board, "the flesh was bruised and torn, and the front part of the arm denuded of its skin, exposing the blood vessels and muscles underneath." An agreement for compensation was reached and approved, and payments were made in compliance therewith for a period of 19 weeks. At the end of that period the payments were discontinued, and presently the respondents filed with the Industrial Accident Board a petition asking that they be relieved from making further payments upon the ground that claimant's continued disability was due to a venereal disease, viz., syphilis, which retarded the healing of the injury. The claimant filed an answer to this petition in which he denied that he had ever contracted such disease, or been afflicted with it; and we do not understand it to be claimed that he was suffering from syph-

ilis in any active stage.   As found by the Industrial Accident Board:

"The evidence in this case does not suggest any active disease in applicant's body prior to the injury, nor does it disclose any substantial evidence of the existence of a bodily disease, except the fact that the wound did not readily heal and that symptoms led the physicians to suspect syphilis in the blood, together with some evidence that a Wasserman test of the blood was had and that such test showed the presence of syphilis.   In this connection, it should be said that the essential part of the evidence as to the Wasserman test is hearsay, as it consisted merely of an unsworn report sent by mail from the Lincoln-Gardner Laboratories in Chicago, where a sample of applicant's blood had been sent to be tested."

Under this state of facts, it is urged that an order should have been made by the board relieving the respondents from payment of further compensation, and the argument in support of such contention is stated in the brief of their counsel, as follows:

"The compensation act does not assume to pay for any period of disability beyond that which is traceable to the injury, either directly or indirectly.   The case is to be distinguished from the cases where the accident has aggravated or accelerated a pre-existing disease.   It has been held, under the English act, that where the injury aggravates a disease, the increased impetus given to that disease being a result of the injury, the disability caused thereby must be compensated for.   But upon the record in this case there is no question of the acceleration of the syphilitic condition.   Syhpilis from its very nature is not accelerated by a cut or a bruise, but its presence on the other hand retards the healing of the cut.   We may assume that upon an accident the employer is bound to compensate for the results of the injury and must be assumed to have accepted the employee in whom is a constitutional disease, the ravages of which are increased by the injury.   But this does not go to the extent of saying that when the disease prevents the healing of the injury, or

in other words this new cause supervenes the injury as a cause of the disability, the industry that contracted only to pay for the disability resulting from injury should pay this additional compensation.

"We think it is clear, without further argument, that if the line can be drawn between the period of disability caused by the accident and that caused by the disease, no question would be made but that compensation would only extend over the period caused by the accident. * * * But even if this period cannot be absolutely segregated, still we contend that the proper rule that should be applied is that compensation 'should be allowed only for the period for which the injury complained of would disable a person of average condition not suffering' from the disease."

The board made no definite and specific finding as to whether, as a matter of fact, the period of claimant's disability was or was not being extended by the presence and action of the disease, but declined to relieve the respondent from further payments, for the following reason stated in the written opinion which it filed:

"The legal question presented by the petition is an important one. If the correct rule for determining the length of time compensation for disability should be paid in case of an injury of this general character is found to be the one contended for by respondents, the result will be far-reaching. The question then to be determined in cases of continuing disability would be whether the injury should have healed, or whether it should have healed more quickly than it did, instead of the actual resulting disability. Instead of the plain question of fact as to the nature and duration of the disability which the injured man actually suffered, it would present for decision the question as to how much he should have suffered, and how soon he should have recovered, upon the theory that only a part of the disability was due to the injury and the remaining part due to disease. In the opinion of the board, the respondents' contention must fail. The compensation law does not fix any standard of physical health, nor does it make any exceptions for cases of injuries to

men whose health is impaired, or below the normal standard. Neither does it except from the benefits of the law the man who carries in his body a latent disease which, in case of injury, may retard or prevent recovery. The law by its expressed terms applies to every man who suffers disability from injury. It does not exclude the weak nor the less fortunate physically, but was intended for the working men of the State generally, taken as they are.

"The authorities seem to be strongly against respondents' contention. Boyd's Workmen's Compensation, § 463; Bradbury's Workmen's Compensation (2d Ed.), pp. 385, 386; *Willoughby* v. *Railway Co.*, 6 W. C. C. 28; *Ystradowen Colliery Co., Ltd.*, v. *Griffiths*, 2 B. W. C. C. 359. This is not a case where the workman was suffering from some active disease or injury at the time of the accident, as applicant was apparently in good health in every respect up to the time he received the injury. The difficulties of proving the reasonable duration of disability which should result from an accident is discussed to some extent in the English cases above cited, pointing out the fact that *Ward* v. *Railway Co.*, 3 W. C. C. 193, which attempted to make such determination, is no longer regarded as authority. They further suggest the danger of attempting to fix the duration of disability on medical prognosis and opinion evidence, when it is conceded by the medical profession itself that it has yet much to learn in such matters."

We agree with the Industrial Accident Board that, under the circumstances of this case, the act does not contemplate any such apportionment of the period of disability as respondents ask for. Assuming that such disability is being prolonged by the disease, there is yet no point at which the consequences of the injury cease to operate. It is the theory of respondents, not that the consequences of the injury cease, but that they are prolonged and extended. There is no part of the period of disability that would have happened, or would have continued, except for the injury. The consequences of the injury extend through the entire

period, and so long as the incapacity of the employee for work results from the injury, it comes within the statute, even when prolonged by pre-existing disease.

The order of the Industrial Accident Board is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.