HURLEY *v.* SELDEN-BRECK CONSTRUCTION CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—HERNIA CAUSED BY PARTICULAR STRAIN.

Where claimant's husband, a brick mason in defendant's employ, suffered an injury while lifting a terra cotta window sill into place, and strangulated hernia resulted, which caused his death later, after two operations, claimant was entitled to compensation under the workmen's compensation law (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5423 *et seq.*), and the presence of a structural weakness or actual pain, antedating the injury, in the region affected, would not preclude recovery if the injury itself was distinct and the result of a particular strain. *Bell* v. *Hayes-Ionia Co.*, 192 Mich. 90.

Certiorari to Industrial Accident Board. Submitted June 12, 1916. (Docket No. 35.) Decided September 26, 1916.

Annie Hurley presented her claim against the Selden-Breck Construction Company for compensation

for injuries to her husband causing his death while in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Frederick T. Witmire,* for appellant.

*Howard B. Bloomer* and *Seth J. Wicker,* for appellee.

OSTRANDER, J. The facts found by the Industrial Accident Board are stated as follows:

"(1) On December 6, 1913, Arthur Hurley, the deceased husband of claimant, Anna Hurley, was in the employ of the Selden-Breck Construction Company, a corporation, which said company was erecting a building for the Ford Motor Company at Woodward avenue and the East Grand boulevard in the city of Detroit, and State of Michigan.

"(2) Arthur Hurley was by trade a brick mason, and on December 6, 1913, was laying terra cotta window sills, which, according to the custom observed in the trade of brick mason, comes under the head of brickwork.

"(3) Henry Singer, foreman in charge of the work on December 6, 1913, ordered three bricklayers, one of whom was Arthur Hurley, to lay terra cotta window sills (pieces of terra cotta 2 feet long, 18 inches wide, and 9 inches thick), and the two bricklayers, so ordered to lay terra cotta window sills with Arthur Hurley, worked together, lifting, carrying, and setting said terra cotta window sills, but Arthur Hurley, having no one to help him, was compelled to lift, carry, and set said terra cotta window sills without assistance.

"(4) Arthur Hurley was engaged in laying terra cotta window sills weighing between 75 and 80 pounds, unassisted as aforesaid, when at about the hour of 2 o'clock in the afternoon on said December 6, 1913, while lifting a terra cotta window sill on the wall, he was injured, crying out at the time and putting his hand on his back, and appeared to be in great distress, although he changed work with William J. Booth, who

was near him at the time, and finished the day laying brick, continuing until 4 o'clock in the afternoon, the usual quitting time.

"(5) The injury sustained by Arthur Hurley on said December 6, 1913, was caused by the strain of lifting terra cotta window sills, and resulted in a right oblique inguinal hernia, which became strangulated, and for which an operation was performed on Mr. Hurley on December 9, 1913, and a second operation a few days later, but Mr. Hurley's condition did not improve, and he died January 1, 1914, as a result of the injury sustained by him as aforesaid."

It is urged, as it has been in earlier cases, that Mr. Hurley suffered from a disease or from a congenital defect, the development of which, in either case, in the course of an employment, is not an accidental injury. We said, in *Robbins* v. *Engine Co.*, 191 Mich. 122 (157 N. W. 437), of the rule announced in *United States Accident Ass'n* v. *Barry*, 131 U. S. 100, 121 (9 Sup. Ct. 755), and in similar cases, that:

"It is doubtful, however, if in applying our statute, its general purpose being considered, the court should exactly follow the rules suggested and applied in the cases referred to."

In *Grove* v. *Paper Co.*, 184 Mich. 449 (151 N. W. 554), the strain ruptured an artery, in *La Veck* v. *Parke, Davis & Co.*, 190 Mich. 604 (157 N. W. 72), the exertion resulted in a cerebral hemorrhage, and in *Hills* v. *Wood Dish Co.*, 191 Mich. 411 (158 N. W. 214), the period of incapacity was prolonged by a pre-existing disease, and in each an award of compensation was affirmed. In *Bell* v. *Hayes-Ionia Co.*, 192 Mich. 90 (158 N. W. 179), it was said:

"The presence of a structural weakness or actual pain, antedating the injury alleged, in the region where the injury occurred, does not preclude a recovery if the injury itself is distinct and the result of a particular strain causing a sudden protrusion of the intestine."

The case at bar and *Bell* v. *Hayes-Ionia Co., supra,* cannot, in principle, be distinguished. The action of the Industrial Accident Board is affirmed, with costs to claimant.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.