IN RE BOWERS.    IN RE WILLIAMS.    IN RE COLAN.

[No. 9,949.    Filed June 26, 1917.]

1. MASTER AND SERVANT. — *Workmen's Compensation Act.* — *Scope.*—*Right to an Award.*—Where the enterprise is being conducted and the work is being done subject to the provisions of the Workmen's Compensation Act (Acts 1915 p. 392), the right to an award of compensation is extended, under §2, to

all cases of personal injury of an employe or his death by accident arising out of and in the course of the employment, personal injury or death due to the employe's own wilful misconduct being excepted by §8 of the act.  p. 131.

2. MASTER AND SERVANT. — *Workmen's Compensation Act.* — *Measure of Compensation.*—Sections 29 and 30 of the Workmen's Compensation Act (Acts 1915 p. 392), specify a rule of admeasurement of compensation both where the injury causes partial disability, or total disability, which includes death.  p. 132.

3. MASTER AND SERVANT. — *Workmen's Compensation Act.* — *Personal Injury.*—Under §76d of the Workmen's Compensation Act (Acts 1915 p. 392), the term "personal injury," as used in the act, does not include disease in any form except as it results from the injury.  p. 132.

4. MASTER AND SERVANT. — *Workmen's Compensation Act.* — *Scope.—Construction.—Rights and Remedies.*—In view of §6 of the Workmen's Compensation Act (Acts 1915 p. 392), providing that the rights and remedies created in favor of an injured employe shall exclude all other rights and remedies in his favor and against his employer at common law, it should be presumed from a consideration of the general spirit of the act that the legislature did not intend to narrow the rights of an injured employe, but rather that the rights and remedies afforded by the act should extend to all situations wherein, if there was no workmen's compensation act, an injured employe would have his remedy at common law for injuries received, and the act should be so construed where its language reasonably permits, the general purpose of the act being to substitute its provisions for pre-existing rights and remedies.  p. 132.

5. MASTER AND SERVANT.—*Injuries to Employe.—Injuries Aggravating Disease.*—Where one is injured through the negligence of another, the fact that the former is predisposed to some disease and the injury materially aggravates or incites the disease and accelerates it to the stage of disability or to a fatal termination, and the forces which contribute, each materially, to produce such disability or death, are the disease and its aggravation or acceleration by the injury, the person injured or his representative has his remedy at common law.  p. 133.

6. MASTER AND SERVANT.—*Workmen's Compensation Acts.—Injury to Employe Afflicted with Disease.—Right to Award.*— Where an employe afflicted with disease receives a personal injury under such circumstances that he might have obtained compensation under a workmen's compensation act on account of the injury had there been no disease involved, but the dis-

ease is materially aggravated or accelerated by the injury, resulting in disability or death earlier than would otherwise have occurred, and the disability or death does not result from the disease alone progressing naturally as it would have done under ordinary conditions, but the injury, aggravating and accelerating its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the Workmen's Compensation Act (Acts 1915 p. 392). p. 133.

From the Industrial Board· of Indiana.

Certified question of law.

Proceedings under the Workmen's Compensation Act in the matter of one Bowers, one Williams, and one Colan. Questions of law certified by the Industrial Board. *Questions answered.*

CALDWELL, J.—The Industrial Board, under the provisions of §61 of the Workmen's Compensation Act (Acts 1915 p. 392), has certified to this court for determination three questions of law based severally on the facts presented by three several proceedings pending before that body, which proceedings we have entitled as above. The statement of facts in each proceeding as submitted to us discloses that the employe involved while engaged in the discharge of the duties of his employment suffered a personal injury "by accident arising out of and in the course of his employment." In the Bowers case the employe at the time of receiving such personal injury, which was severe in its nature, was afflicted with a "progressive incurable disease" which at that time had not advanced to the stage of producing disability. The injury, however, greatly aggravated the disease with which the employe was afflicted, and incited it to a more rapid progress, and as a result of such aggravation the employe died in less than a month after receiving such personal injury. In the second case the personal injury was not regarded as serious at the time it was received. Williams, the em-

ploye, however, was at the time afflicted with progressive arterio sclerosis, sometimes popularly referred to as hardening of the arteries, but such disease had not progressed to the point of disability. The personal injury, however, greatly accelerated and aggravated the progress of the disease, and by reason of such aggravation of the disease and acceleration of its progress, the employe within about three weeks after receiving such injury became totally and probably permanently disabled for work.

In the Colan case the personal injury was caused by a severe blow upon and over the spine in the region of the dorsal and lumbar vertebrae. Colan, the employe, was at the time afflicted with Potts disease or tuberculosis of the spine, which disease was in a latent and inactive condition. The personal injury, however, incited the disease to a virulent activity and, as a result of the incitement of such disease by the injury, Colan, about five weeks thereafter, became totally and probably permanently disabled for work.

In the Bowers case we are required to determine whether the widow, who is a dependent, is entitled to an award of compensation on the ground that the injury to the deceased employe, her husband, was the cause of his death, and in each of the other cases whether the employe involved is entitled to an award of compensation on the ground that his injury is the cause of his disability.

Where the enterprise is being conducted and the work is being done subject to the provisions of the act, the right to an award of compensation extends to all 1. cases of personal injury of an employe or his death "by accident arising out of and in the course of the employment." §2, *supra*. The personal injury or death of the employe due to his own wilful misconduct, however, is excepted. §8, *supra*. The act

specifies a rule of admeasurement of compensation "where the injury causes total disability" (which includes death), §29, *supra*, and also "where the injury causes partial disability." §30, *supra*. The term "personal injury," as used in the act, "shall not include a disease in any form except as it shall result from the injury." §76 (d), *supra*. It will be observed that the act does not make specific provision for a case wherein disability or death results from a personal injury not as the sole cause, but exercising a contributory effect with some existing malady or disease, in that the former arouses the latter from a latent state or aggravates it, and thus accomplishes disability or death at an earlier date than otherwise would have resulted had the disease not been incited by the injury. It is provided, however, that: "The rights and remedies herein granted to an employe subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employe, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury or death." §6, *supra*. Respecting cases wherein an employe may be compensated on account of injuries received, the act is broader and more inclusive than the common law; that is, there are many cases wherein under the act an employe may be awarded compensation on account of injuries received, when in an action at common law he would be denied relief.

In view of the provisions of §6, *supra*, to the effect that the rights and remedies created in favor of an injured employe by the act, exclude all rights and remedies in his favor and against his employer at common law, it should be presumed from a consideration of the general spirit of the act and the sound economic policy upon which it is grounded that the legis-

lature did not intend by the act to narrow the rights of an injured employe; but rather that the rights and remedies afforded by the act, while not circumscribed by such limits, should extend to all situations wherein, were there no workmen's compensation act, an injured employe would have his remedy at common law for injuries received, and the act should be so construed where its language reasonably admits of such construction; the general purpose of the act being to substitute its provisions for pre-existing rights and remedies. In re *Cox's Case* (1916), 225 Mass. 220, 114 N. E. 281.

Where one is injured through the negligence of another, the fact that the former is afflicted with or predisposed to some disease, and the injury ma-

5. terially aggravates or incites the disease and accelerates it to the stage of disability or to a fatal termination, and the forces which contribute, each materially, to produce such disability or death, are the disease and its aggravation or acceleration by the injury, the victim or his representative has his remedy in cases governed by the common law. *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N. E. 473; *Louisville, etc., R. Co.* v. *Falvey* (1885), 104 Ind. 409, 3 N. E. 389, 4 N. E. 908; *Jeffersonville, etc., R. Co.* v. *Riley* (1872), 39 Ind. 568; *Terre Haute, etc., R. Co.* v. *Buck* (1884), 96 Ind. 346, 49 Am. Rep. 168; *Jones* v. *City of Caldwell* (1911), 20 Idaho 5, 116 Pac. 110, 48 L. R. A. (N. S,) 119, and note; *Railroad* v. *Northington* (1891), 91 Tenn. 56, 17 S. W. 880, 16 L. R. A. 268, and note. Likewise the courts, con-

6. sistent with the theory of workmen's compensation acts, hold with practical uniformity that, where an employe afflicted with disease receives a personal injury under such circumstances as that he might have appealed to the act for relief on account of the injury had there been no disease involved, but the dis-

ease as it in fact exists is by the injury materially aggravated or accelerated, resulting in disability or death earlier than would have otherwise occurred, and the disability or death does not result from the disease alone progressing naturally as it would have done under ordinary conditions, but the injury, aggravating and accelerating its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the compensation acts. *Madden's Case* (1916), 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D 1000; *Brightman's Case* (1914), 220 Mass. 17, 107 N. E. 527, L. R. A. 1916A 321, and note 293; *Fisher's Case* (1915), 220 Mass. 581, 108 N. E. 361; *Crowley's Case* (1916), 223 Mass. 288, 111 N. E. 786; *Ramlow* v. *Moon Lake Ice Co.* (1916), 192 Mich. 505, 158 N. W. 1027, L. R. A. 1916F 955; *Hills* v. *Oval Wood Dish Co.* (1916), 191 Mich. 411, 158 N. W. 214; *Milwaukee* v. *Industrial Commission* (1915), 160 Wis. 238, 151 N. W. 247; *Hartz* v. *Hartford Faience Co.* (1916), 90 Conn. 539, 97 Atl. 1020; *Robbins* v. *Original Gas Engine Co.* (1916), 191 Mich. 122, 157 N. W. 437; *Grove* v. *Michigan Paper Co.* (1915), 184 Mich. 449, 151 N. W. 554; *Hurley* v. *Construction Co.* (1916), 193 Mich. 197, 159 N. W. 311; *Winter* v. *Alkinson, etc., Co.* (1915), 88 N. J. Law 401, 96 Atl. 360; *Matter of Mazzarisi* v. *Ward* (1916), 170 App. Div. 868, 156 N. Y. Supp. 964; *Sullivan* v. *Industrial, etc., Co.* (1916), 173 App. Div. 65, 158 N. Y. Supp. 970; 1 Bradbury, Workmen's Compensation (2d ed.) 386.

In the case first cited the court was considering questions broader than those with which we are dealing, but much is said there that is applicable here, thus: "Yet it is the hazard of the employment acting upon the particular employee in his condition of health and not what that hazard would be if acting upon a healthy employee or upon the average employee. The act

makes no distinction between wise or foolish, skilled or inexperienced, healthy or diseased employees. All who rightly are describable as employees come within the act. * * * It (the act) does not afford compensation for injuries or misfortunes, which merely are contemporaneous or coincident with the employment, or collateral to it. Not every diseased person suffering a misfortune while at work for a subscriber is entitled to compensation. The relief is so new that the tendency may be to inquire only as to the employment and the injury and to assume that these two factors constitute ground for compensation. But the essential connecting link of direct causal connection between the personal injury and the employment must be established before the act becomes operative. The personal injury must be the result of the employment and flow from it as the inducing proximate cause. The rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment and not by some other agency, or there can be no recovery. In passing upon this question, an humanitarian emotion ought not to take the place of sound judgment in the weighing of evidence. The direct connection between the personal injury as a result and the employment as its proximate cause must be proved by facts before the right to compensation springs into being. A high degree of discrimination must be exercised to determine whether the real cause of an injury is disease or the hazard of the employment. A disease, which under any rational work is likely to progress so as finally to disable the employee, does not become a 'personal injury' under the act merely because it reaches the point of disablement while work for a subscriber is being pursued. It is only when there is a direct causal connection between the exertion of the employment and the injury that an award of compensation can be made.

The substantial question is whether the diseased condition was the cause, or whether the employment was a proximate contributing cause. In the former case, no award can be made; in the latter, it ought to be made."

We determine each of the submitted questions in the affirmative.

NOTE.—Reported in 116 N. E. 842. Workmen's compensation: what constitutes total disability under act, Ann. Cas. 1917E 240; disease as an incident within meaning of act, 2 Ann. Cas. 140, 15 Ann. Cas. 886, Ann. Cas. 1913A 1121, 1918B 309.