SCHANNING v. STANDARD CASTINGS CO.

Master and Servant—Workmen's Compensation Act—Personal Injuries—Hernia—Accidental Injury.

> On certiorari to review an award of the industrial accident board, under the workmen's compensation act, where there was evidence to support the finding of the board that plaintiff was accidentally injured in defendant's employ, while pulling a truck, causing a rupture, the award of the board will be affirmed.

Certiorari to Industrial Accident Board. Submitted October 18, 1918. (Docket No. 88.) Decided December 27, 1918.

Carl Schanning presented his claim for compensation against the Standard Castings Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the General Accident, Fire and Life Assurance Corporation, Limited, insurer, bring certiorari. Affirmed.

*Thomas A. Lawler* and *John F. Berry*, for appellants.

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

OSTRANDER, C. J. The award was ten dollars a week for nine and one-half weeks and hospital and medical expenses incurred in the first three weeks. Plaintiffs in certiorari say there was no competent evidence before the industrial accident board from which it could find that an accident which arose out of and in the course of claimant's employment happened; that there is no competent evidence that claimant received an injury from the alleged accident or that his alleged disability resulted therefrom.

Claimant says he was injured October 31, 1917. His employer, on November 1, 1917, reported to the board that claimant was involved in an accident, the nature of his injury being a rupture, "Lifting Castings." A second report was made by the employer November 14, 1917, in which it is stated that the

"Cause and manner of accident, was trucking castings from foundry to rattler room (castings slipping from truck, tried to hold same on, causing a rupture)."

The board found—

"That the unexpected dropping of the truck into the hole with the resultant jerk and unusual strain upon applicant, causing the rupture, constituted an unexpected, unusual and undesigned occurrence, also an unlooked for mishap and an accident within the meaning of the workmen's compensation act."

Claimant gave testimony through an interpreter. The interpreter's statements were:

"He says he was handling iron, called bulldog. Him and another fellow, and the iron was weighing between five and six hundred pounds. They placed it on a truck, and as the other fellow jerked the truck, he hurt his back. * * * After that, he could not work, and he went immediately to consult a physician. * * * He says the other fellow was pulling, and he was pushing, and the truck fell into a hole and that is what gave him the jerk."

Giving the name of the physician he consulted, and asked what was done for him, he proceeded:

"He says he took him to the drug store and bought him a belt, and after that he was going to him and taking treatments."

Inquired of about the position of the belt on his body, he said:

"He put it across his back and the side of his limb. He says he still has it on now."

Claimant returned to work January 5, 1918, and of the interim he testified:

"He says the doctor told him not to go to work any sooner, and he got kind of disgusted because he thought the belt wasn't good and he said he didn't want to give him another belt, and he says: 'If you want to go to work, you can go to work.'"

The physician was not examined, it being stated that he was in the army. Further testimony was given by claimant to the effect that he first felt pain in his back, then in his privates, that he was advised by the doctor to have an operation performed and refused to do so. When he was hurt he reported to his foreman, telling him he could not work and that he had hurt his back. Claimant made a statement December 5, 1917, which was written down by the one to whom it was made, in English, and was read to claimant by a German acquaintance in German, the friend undertaking to translate the English into German. This statement is to the effect that while picking up a casting from the floor to place it on a wheelbarrow he felt a pain in his back and stopped work and went home.

"When I stooped to pick this casting up, a sharp pain caught me in the back, and I couldn't straighten up; after I got straightened up, I went to the office to report, and then went to the doctor's office."

Claimant was examined with reference to this alleged statement and denied having given it as it reads. The man with whom claimant was working was a witness. He gave testimony corroborating that given by claimant except that it is his recollection that he was pushing the truck and claimant was pulling it. He testified that the truck dropped in a little hole "and raised him up like that." Upon being recalled, claimant testified, as the record is understood, that he was pulling "and the other fellow was pushing."

It is the province of the board to weigh evidence and draw inferences therefrom. We cannot say there was no evidence to support the finding. If, in pushing or pulling the truck by its handles, one or more of its wheels dropped into a hole, jerking claimant in such a manner as to cause a rupture, it was an accidental injury. *Robbins* v. *Original Gas Engine Co.*, 191 Mich. 122.

The award is affirmed.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.