### FRIBLEY v. MICHIGAN MILLING CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—HERNIA—
ACCIDENTAL INJURY—EVIDENCE—SUFFICIENCY.

In proceedings under the workmen's compensation act, testimony that plaintiff, in attempting alone to put a heavy belt on a pulley in defendant's mill which required two men to do, had to assume an unusual position and suffered an unusual strain, which caused a hernia, *held,* to justify a finding by the department of labor and industry that the hernia was the result of an accident.

Certiorari to Department of Labor and Industry. Submitted October 6, 1922. (Docket No. 23.) Decided December 5, 1922.

Isaac A. Fribley presented his claim for compensation against the Michigan Milling Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant and the Integrity Mutual Casualty Company, insurer, bring certiorari. Affirmed.

The question as to whether hernia is an accident within the meaning of workmen's compensation act is discussed in notes in L. R. A. 1916A, 32, 228, 303; L. R. A. 1917D, 108, 111; L. R. A. 1918B, 1133; L. R. A. 1818F, 873.

*Kerr & Lacey,* for appellants.

*Frank B. De Vine,* for appellee.

FELLOWS, C. J.    Defendant milling company owned two mills in Ann Arbor known as the "Central mill" and the "City mill."    The City mill was being over-hauled and plaintiff was at work at the Central mill. He was sent from there over to assist in getting the City mill ready to start.    The testimony tends to establish  that in attempting to put a heavy belt on a  pulley  he  was obliged to get in a "twisted" or cramped position; that it required two men to put on the belt, but that he was attempting to do it alone; that in straining to lift the pulley sufficiently to allow the belt to slip over it he sustained a hernia, necessi-tating an operation and loss of time.    He testifies:

"I was there getting belts ready to help to arrange to get this mill ready to start when the millwrights got through with it.    I glued some belts and had put them on, but this belt,—they had changed the end of the machine; and they just reversed the end and they had run it as a cross-belt.    So I unglued the belt. They had taken the pulley and shifted it behind the post is the reason I had to take the belt apart; and I took it apart and glued it back; but by twisting the belt it made it awful tight and I took the clamps off and tried to put on the belt myself and it was so tight that I couldn't.    As I got down and pulled on the pulley to lift up on it I felt this pain there, but still I didn't know; I kept right on with my work up until about 5 o'clock.    So I had to go home and I went over to the house and laid down."

In  giving  his  testimony plaintiff illustrated  the position he was in when he received the injury.    He testified that he frequently put on belts around the mill but had never attempted to put one on that was as tight as this one; that it would require two men to put the belt on; he was attempting  to  put it  on

alone; that it could have been put on more easily had the pulley been in motion.

Defendants contend that the plaintiff was doing the usual and ordinary work he was employed to do in the usual and ordinary way, and that the case falls within the rule announced in *Kutschmar* v. *Briggs Manfg. Co.*, 197 Mich. 146 (L. R. A. 1918B, 1133), and kindred cases.     We are not persuaded that such is the only legitimate inference to be drawn from the testimony in this record.     We think the testimony in the record, some of which we have quoted, fully justified the department of labor and industry in reaching the conclusion that the hernia which plaintiff suffered was produced by an unusual strain when he was in an unusual position attempting to lift this heavy pulley and put on this heavy belt, work that required the assistance of another man.     Upon this record the case is controlled by *Grove* v. *Michigan Paper Co.*, 184 Mich. 449; *Robbins* v. *Original Gas Engine Co.*, 191 Mich. 122; *Bell* v. *Hayes-Ionia Co.*, 192 Mich. 90; *Hurley* v. *Selden-Breck Construction Co.*, 193 Mich. 197; *Schanning* v. *Standard Castings Co.*, 203 Mich. 612; *St. Clair* v. *Meyer Music House*, 211 Mich. 285; *Helder* v. *Luce Furniture Co.*, 217 Mich. 496.

The award will be affirmed.

WIEST, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.     MOORE, J., did not sit.