SUTTON v. N. O. PUBLIC SERVICE, INC.

———

(November 17, 1930.   Opinion and Decree.)

———

Normann, McMahon & Breckwoldt, of New Orleans, attorneys for plaintiff, appellee.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J.   The widow of Benjamin Harrison Washington brings this suit for compensation for her husband's death alleged to have been caused by injuries received during the course of and arising out of nis employment. Washington was employed as a laborer by the defendant company and, at the time of his injury, was engaged with a number of other laborers in lifting heavy steel rails intended for use in connection with the repair of defendant's street car tracks. In some manner the tongs with which the rails were lifted struck Washington in the stomach causing him to fall to the sidewalk, where he was observed to expectorate a small quantity of blood. The accident happened on the 5th day of December, 1924, and Washington's death occurred in the Charity Hospital, this city, on the 11th day of January, 1925, or 36 days later.

Washington is shown to have been in good health prior to the injury and to have progressively failed in health until the day of his death.

Defendant admits that Washington was injured in the manner set up in plaintiff's petition, but alleges that the duration of his incapacity resulting from his injury did not exceed ten days for which it is responsible to the extent of $11.70 only. It denies that Washington's death was in any respect due to his injury. According to the certificate of the Charity Hospital, "Typhoid Septicemia" was the cause of death.

There is some evidence in the record tending to show that Washington did not die of typhoid, but the clear weight of the medical testimony is to the contrary, and we find as a fact that his death was due to this cause.

Was the typhoid caused by the accident, is the question for decision.

Plaintiff relies upon the well established doctrine that where it can be shown that an injury to a workman has aroused into activity a dormant disease the employer will be liable in compensation for the disability or death resulting from the disease. Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L.R.A. 1918F, 862.

This proposition is now beyond controversy and its application has resulted in the recovery by workmen or their dependents for the consequences of pneumonia. Weller v. Turnerized Roofing Co. et al., 14 La. App. 150, 129 South. 443; tuberculosis, Republic Iron & Steel Co. v. Markiowicz, 75 Ind. Ap. 57, 129 N. E. 710; diabetes, Connell v. U. S. Sheet & Window Glass Co., 2 La. App. 93, and syphillis, Durrett v. Woods, 155 La. 533, 99 So. 430; upon the ground that the trauma has awakened to vicious activity, dormant, if not innocuous bacteria, which cause or produce these diseases in the human system. In a very recent case, Weller v. The Turnerized Roofing Co., supra, this court decided that the dependents of a workman who was injured about the thigh and hip as a result of a fall from a roof and who subsequently contracted pneumonia could recover under the compensation law upon the ground that his fall was the proximate cause of the pneumonia which was the immediate cause of his death. In that case, like the other cases where recovery has been permitted for death due to diseases apparently disassociated with the accident, the theory is, as supported by medical experts, that the trauma weakens the resistance of an individual so as to permit of a successful attack by the bacilli ever present in the human system. The body, we are told, is the unconscious, unwilling and yet constant host of many destructive organisms which find entrance through its orifices and otherwise. The human throat and respiratory tract, for example, harbors the virulent pneumococcus germ, which is ever on the alert awaiting a favorable opportunity to attack and overcome the normal defenses with which nature has endowed us. When, as the result of exposure, chill or trauma, our vitality is lowered, a breach is made in our defensive wall and we surrender to the enemy, suffering pneumonia and perhaps death.

The same situation obtains with respect to the tuberculosis bacilli and to other infectious diseases characterized by a prolonged incubation. This theory now universally accepted reveals the human body as a perpetual battleground, the theatre of a dramatic conflict between the defensive forces of the body and the invading hosts of disease. The tide of battle ebbs and flows, the contending forces in a perpetual conflict for possession of our bodies. The bacterial legions as if inspired by the thought of man's mortality, after each repulse, rush eagerly to the fray until at last, when vigilance and valor will no longer serve to check or repulse the hosts of evil bacilli, when the last rampart has been carried, the black banner of disease, disaster and death is planted in the very citadel of our being.

Whether the typhoid bacillus may be classed with the pneumococcus germ and other bacterial parasites, in the respect

that they are said to lie dormant in the human body until some favorable opportunity arises due to lowered vitality caused by trauma, for example, before attacking, is a question which, from the record before us, and the authorities presented by both sides, involves much doubt.

The testimony of the medical experts on this point is confusing and the medical text writers, from whom both sides have quoted freely, more so.

For example, in Cecil's "A Text Book of Medicine" we are told that typhoid fever is not marked by a protracted incubation and develops rapidly in from five to fourteen days.

In "Typhoid Fever" by Dr. Frederick P. Gay, the view is expressed that the mere presence of the typhoid bacillus in the gastro-intestinal tract of man is not sufficient to cause typhoid fever and individuals are said to have harbored typhoid bacilli in their intestines indefinitely without having suffered with typhoid. We quote the following from page 64 of Dr. Gay's treatise:

"The simple presence of typhoid bacilli in the intestine does not in itself constitute infection with the typhoid bacillus, as is evident from a consideration of those healthy and recovered carriers who show no symptoms of the disease. In other words, the organism may live as a saprophyte (harmless germ) in the intestine for indefinite periods without initiating any disease process."

To the same effect is Tice's Practice of Medicine, where we find the following in Volume IV, page 481:

"The ingestion (swallowing) of the typhoid bacillus and infection of the body by the organism are not synchronous. A longer or shorter interval may elapse between the entrance of the pathogenic organism into the intestinal tract and the actual invasion of them of the body tissues through some portal of entry. That this interval may be indefinitely prolonged is shown in the case of healthy carriers who may harbor the bacillus."

Whether we may be guided by the medical authors referred to, and others which we have not mentioned, is not clear to us. In the first place, there is no evidence in the record as to the standing of these men in their profession and we have some doubt as to the propriety of our considering their views. Except for the fact that both sides have pressed their writings upon our attention and thus apparently consented to their consideration, we would be inclined to ignore them.

Since it is our opinion that the decision of this case must largely depend upon whether typhoid may be classed with pneumonia, syphillis, and other diseases of protracted incubation and latent virulence in order that it may be shown to be within or without the authority of the jurisprudence referred to and since it is a compensation case, we have concluded, in the interest of justice, to remand this case to the district court in order that medical testimony may be admitted for the purpose of further informing us concerning the characteristics of typhoid bacilli.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that this case be remanded to the Civil District Court for further proceedings according to law and consistent with the views herein expressed.