REPUBLIC IRON AND STEEL COMPANY *v.* MARKIOWICZ
ET AL.

[No. 10,915. Filed February 4, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Injury Contributing to Hasten Latent Disease.*—*Right to Compensation.* —Where there was ample evidence to show that a servant's injuries resulted in a weakened vitality and resistance, and that latent tuberculosis was aggravated and accelerated into active tuberculosis from which he died, compensation was properly awarded his dependents under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918).

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Emilia Markiowicz and others against the Republic Iron and Steel Company. From an award for applicants, the defendant appeals. *Affirmed.*

*Fred C. Crumpacker* and *Edwin H. Friedrich,* for appellant.

*A. P. Twyman* and *R. M. Royce,* for appellees.

NICHOLS, J.—Appellees are dependents of Mike Markiowicz, deceased. The Industrial Board found that the deceased was in the employment of appellant on February 18, 1918, at a weekly wage of $24, and that on said date he received personal injury by accident arising out of and in due course of his employment, as a result of which he died December 28, 1918. There was an award accordingly for appellees. Appellant contends that the evidence does not support the finding and award, while appellees contend that the evidence is sufficient. The deceased was injured by an explosion which enveloped him with steam and gas, and struck him with debris, injuring his head, his hip and side. He was confined to his bed for a month, and received compensation for total disability for fifty-seven days. He was apparently a healthy man up to the time of his injury, but appellees' physician testified that there was evidence of chronic disease, and the examination, his cough, and the history showed tuberculosis of the lungs. He was never well after the accident. The physician testified that the history would indicate that his trouble was the result of his injury. There was ample evidence that the injury resulted in a weakened vitality and resistance, and that latent tuberculosis was aggravated and accelerated into active tuberculosis from which he died. Without going further into the evidence, we hold

Pittsburgh, etc., R. Co. *v.* Philpott, Admx.—75 Ind. App. 59.

that it was sufficient to sustain the finding and award. *In re Bowers* (1917), 65 Ind. App. 128, 116 N. E. 842; *Sallie Robinson* v. *National Life, etc., Ins. Co.* (1921), (Ind. App.) 129 N. E. 707. The award is affirmed.