## KRENZ *v.* FERGUSON COAL COMPANY.

[No. 12,748. Filed November 24, 1926.]

MASTER AND SERVANT.—*Strangulation of hernia caused by lifting, heavy object held compensable under Workmen's Compensation Act.*—A strangulation of an existing hernia resulting from lifting a large chunk of coal while the injured party was engaged in the work for which he was employed was an accidental injury arising out of his employment within the meaning of §2 of the Workmen's Compensation Act (§9447 Burns 1926) so as to be compensable.

From Industrial Board of Indiana.

Application under the Workmen's Compensation Act by Jacob Krenz, employee, opposed by the Ferguson Coal Company, employer. From an order denying compensation, the claimant appeals. *Reversed.* By the court in banc.

*John A. Riddle,* for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellee.

NICHOLS, J.—This is an appeal from the award of the Industrial Board, in a proceeding brought by appellant for compensation under the Workmen's Compensation law for an injury which appellant claims to have received while in the employ of appellee on December 21, 1925, which resulted in strangulated hernia. The evidence was first heard by one member of the Industrial Board who, after hearing the same, found that appellant was employed by appellee at an average weekly wage in excess of $24, and that, on or about said date, appellant became disabled; that said disability was due to a strangulation of a pre-existing hernia; that said hernia was not the result of an accident sustained on said date while appellant was in the employ of appellee, and an order was entered that appellant take nothing. On May 19, 1926, on the application of appellant, the full Industrial Board reviewed the cause and entered a finding similar to the one made by the one member, except that said full board found that said hernia *and* strangulation were not the result of any accident sustained on December 21, 1925, while in the employ of appellee, and made an award that appellant take nothing. Appellant testified, in substance, that on December 21, 1925, while loading coal, he had a pretty good sized chunk and turned to his left side to throw it into the car and that it pinched him in the side and he had to sit down. Pains in the region of the groin struck him and he had to take a little rest. After five minutes he commenced work again and couldn't do anything more and went home. His wife came after him in the car and took him home, where he fell on the floor and stayed until the doctor came. The doctor told him that he would have to be operated on right away and he was that same evening for rupture. He testified he didn't know he had a rupture before, but he was wearing a cross belt around the abdomen which we assume

was a truss. Dr. Zinc, the physician who was called to treat appellant, testified that he found appellant suffering with pain in his right side and lying on the floor; that he got him to crawl over and helped him on to the davenport and examined him and found a strangulated hernia in the right side and tried to reduce it. Failing in this, he called appellee's physician, and appellant was taken to the hospital and operated on. It was the opinion of the doctor that the strangulation was of recent origin. The operation was successful in relieving the condition. The doctor testified on re-examination that the fact that appellant experienced a pain in the act of lifting a chunk of coal indicated that it was at this time that the injury occurred, that being when the appellant first noticed the lump and the place became so large. Dr. Garrish, called by appellee, testified that he saw him in the evening about 7 or 8 o'clock of the day that he claimed to have sustained a hernia, and he found on the examination a strangulated hernia; that appellant gave evidence of great pain and showed evidence of being under the influence of an opiate, with a protrusion of the inguinal region; that appellant gave a history that he had felt some pain in handling a rock or chunk of coal about 10 o'clock that day. From all the evidence, including the above, it is apparent that the Industrial Board was justified in finding that the hernia did not result from an accident on December 21, 1925, but from the evidence as above set out and which was uncontradicted, it is clear to the court that there was a strangulation of the hernia on that day resulting from the handling of the big chunk of coal. It is to be observed that the one member of the board found that the disability was due to a strangulation of a pre-existing hernia, while the full board found, not that *neither* the hernia *nor* the strangulation was the result of an accident on December 21, 1925, but

that said hernia *and* strangulation were not the result of an accident on that date, which would be a correct finding if either the hernia or the strangulation was not caused by said accident. A strangulation resulting from an accident which was so serious as to require a surgical operation to reduce it certainly is such an injury as should come within the scope of compensation law. The case of *Puritan Bed Spring Co.* v. *Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417, is closely in point on the question here involved.

Award reversed.