STATE OF INDIANA ET AL. *v.* GAGEBY.

[No. 14,828.   Filed February 4, 1933.]

*James M. Ogden* and *Philip Lutz, Jr.*, Attorneys-General, *Charles Edwards* and *William E. Bussell*, Deputy Attorneys-General, for appellants.

*Ratcliff & Ratcliff*, for appellee.

CURTIS, C. J.—This is an appeal from an award of the full Industrial Board of Indiana, in which award the appellee, Dora H. Gageby, was given compensation for 292 2/7 weeks at the rate of $16.50 per week against the appellant for the death of her husband which was alleged to have been caused as the result of an injury by accident arising out of and in the course of his employment by the appellant. The issues were formed upon the appellee's application for compensation and the answer of general denial thereto supplied by rule 10 of the Board.

There was a hearing before a single member of the Board who made an award in favor of the appellee.

The appellant then filed an application for review by the full Board who likewise made a finding and entered an award in the appellee's favor, the salient parts of which are as follows: "The full Industrial Board of Indiana, having heard the argument of counsel and having reviewed all of the evidence and being thereby duly advised in the premises, a majority of the members of said board find that one Frank A. Gageby, now deceased, was in the employ of the defendants on the 27th day of November, 1931, at an average weekly wage of $30.00 or more; that on said date the said Frank A. Gageby met with an accident arising out of and in the course of his employment, of which the defendants had knowledge at the time; that the said Frank A. Gageby did not become totally disabled as a result of said accidental injury until the 18th day of December, 1931; that the said Frank A. Gageby died as a result of said accidental injury suffered by him on the 27th day of November, 1931, on the 10th day of February, 1932; that he left surviving him as his sole and only dependent the plaintiff herein, Dora H. Gageby, his widow, age seventy-two (72) years, with whom he was living at the time of his injury and death, and who was dependent upon him for her maintenance and support.

A majority of the members of the full board further find that the defendant paid to the plaintiff his full wages during the period of his total disability as the result of the said accidental injury, that is, from the 18th day of December, 1931, to the 9th day of February, 1932, inclusive.

### AWARD.

It is, therefore, considered and ordered by a majority of the members of the full Industrial Board of Indiana, that plaintiff be and is hereby awarded as against the defendant 292 2/7 weeks' compensation at the rate of $16.50 per week, beginning on the 10th day of February,

1932, deferred payments to be brought up to date and paid in cash in a lump sum; subject, however, to the termination of plaintiff's dependency within said period of 292 2/7 weeks. . . ."

The appellant prayed and perfected its appeal to this court, assigning as the errors relied upon for reversal the following:

"(1) The award of the full Industrial Board is contrary to law.

(2) The Board erred in finding that proper notice was given.

(3) The award is not sustained by sufficient evidence."

The first error assigned and relied upon is sufficient to present all questions sought to be presented. See Sec. 61 Indiana Workmen's Compensation Act, Acts 1929, p. 537.

The appellant's contention is twofold: (a) That the record does not show that the death of the appellee's husband was a death by accident within the meaning of the Workmen's Compensation Act, *supra;* (b) that proper notice was not given within a reasonable time.

We will take these contentions up in the order named. Examining the evidence most favorable to the appellee which we are required to do, we find that the appellee, who is the widow of the decedent, testified substantially as follows: Mr. Gageby drove a highway car and kept it in the garage right at home, and started to work from home in the morning with the car and returned home with the car after his work. Prior to the 27th day of November, 1931, Mr. Gageby was very healthy, had never called a doctor in Indianapolis for him and he never complained. Lived with him 37 years and he had always been healthy. For two or three years prior to November 27, 1931, Mr. Gageby was never off work because of sickness and was on the job

every day. He was very active and made long trips and drove his own car. She and Mr. Gageby were very close and very companionate. Never knew of Mr. Gageby ever consulting a doctor with reference to any kidney disorder and prior to the accident Mr. Gageby had never said anything about any trouble and had never complained about having kidney trouble. After the accident he complained of his side and back being sore and that hot towels and electric pad were used to ease him and after the accident he was not much account physically. Complained of being sore and stiff and could hardly get upstairs.

Cross-examination: He developed the condition that I have described immediately after the 27th day of November.

Minnie Osborn, a step-daughter-in-law, among other things, testified in substance that after November 27, 1931, the date of the accident, he was very nervous, restless and couldn't sit still long enough to read the paper; gradually grew more nervous to the point that he wouldn't rest at night; and loss of appetite. He complained of pain in his side and general soreness. Complained of pain in his side under his short rib, worked around to the back and settled over his hip and up through the small of his back. Hot applications of towels were used very often and afterwards he was rubbed with liniment and alcohol in order to have him rest. From the date of the accident until his death he gradually got worse.

Dr. L. D. Carter testified in effect that he saw Frank A. Gageby, the decedent, January 6, 1932, at his office. "Examined him at that time. He was extremely pallid; complaining of slowness in mental activities, could not concentrate well, memory defective and that he had been progressively losing weight; moderate degree of arteriosclerosis, heart action fair; blood pressure slightly ele-

vated. History was to the effect he had been in failing health some six weeks and prior to his failure in health had been in an automobile accident in which two cars crashed. He told me of his experience on getting out of the car in attempting to separate them that he felt profoundly weak and prostrated. The following day he complained of soreness and pain in his left side, presumably from striking himself against the steering wheel. He was sent to the Methodist Hospital where he died. The final diagnosis was an acute exacerbation of a chronic nephritis. From his description of the feeling of weakness and prostration when he attempted to separate the cars, the accident was quite a shock to him. He had probably had nephritis for years.

"If a man 68 years of age was very active for a period of two or three years prior to an accident, was on the job every day, no history of his ever taking medicine to correct any kidney disorder, he was very active and no history of any illness, and on the 27th day of November, 1931, he was in an automobile accident, which bruised him on the left side, running into the back, causing severe pain in that region, pain so severe that hot applications of towels had to be used, he was sore and stiff all over, had a hard job getting out of his car and climbing steps, became extremely nervous, extremely irritable, and had a loss of appetite, and condition continued from the day of the accident until the 18th day of December, 1931, when he became bedfast and he died on the 10th day of February, 1932, I would believe that the accident and the injury sustained were responsible for the precipitation of his symptoms." His cross-examination, redirect and recross-examination do not change the effect of his evidence as above set out.

There was a stipulation of the parties which is as follows: "It is stipulated and agreed by and between the parties that Frank A. Gageby, now deceased, was.

employed by the defendant, Indiana State Highway Commission, on the 27th day of November, 1931; that his weekly wage was in excess of $30.00.

"It is further stipulated and agreed that Frank A. Gageby died on the 10th day of February, 1932, and he left surviving him, his widow, Dora H. Gageby, who was wholly and solely dependent upon him for maintenance and support at the time of his death, and prior to the filing of this application a good faith effort was made to settle and the parties disagree, the defendant denying liability.

"That notice was given on March 25, 1932, of the death and claim and that the complaint was filed on April 23, 1932."

Other evidence was introduced, some of a cumulative nature, and some, especially the medical testimony, of a sharply conflicting nature, but after a reading of the evidence above set out can it be said that there is no evidence and no legitimate inferences to be drawn from the evidence to sustain the finding of the board that the appellee's decedent met his death by reason of an accident arising out of and in the course of his employment by the appellant. We think that the evidence is ample to sustain the finding. By its finding in the instant case the Board necessarily found that the evidence did not sustain the contention of the appellant that the death of the decedent was caused by an occupational disease not coupled with an accident· and therefore not compensable. We believe there was evidence that would warrant the board in reaching the conclusion it reached.

There was evidence before the board that before the accident the employee was very healthy, had never called a doctor in more than 30 years and had never complained about any kidney trouble and that after the accident he complained of his side and back being

sore, and had to have hot towels and electric pads used to ease him and that he became not much account physically and that he complained of being sore and stiff and that these conditions developed immediately after the accident and that from the date of the accident he gradually grew worse until he died. From this the Board could have concluded that the death of the decedent was due entirely to the accident. But even if it should be admitted that before the accident the employee in the instant case had a latent or chronic ailment that was excited by the accident which arose out of and in the course of his employment and such latent or chronic ailment thereby became accelerated and active, resulting in his death, this court would not disturb the finding of the board in respect thereto unless the evidence was of such a conclusive character as to force a contrary conclusion. Such and similar cases have many times been held to be compensable. See *Goshen Veneer Company* v. *Cozzi et al.* (1931), 93 Ind. App. 160, 176 N. E. 634; *Utilities Coal Company* v. *Herr et al.* (1921), 76 Ind. App. 312, 132 N. E. 262; *Indianapolis Abattoir Company* v. *Coleman et al.* (1917), 65 Ind. App. 369, 117 N. E. 502; *In re Bowers et al.* (1917), 65 Ind. App. 128, 116 N. E. 842; *Fort Wayne Rolling Mill Corporation* v. *Buanno et al* (1919), 69 Ind. App. 464, 122 N. E. 362; *Republic Iron & Steel Company* v. *Markiowicz et al* (1921), 75 Ind. App. 57, 129 N. E. 710.

The appellant's second contention is that proper notice was not given within a reasonable time. The appellant, in his brief, in attempting to set out section 22 of the statute on notice, sets out only a garbled portion of the section, omitting much that is extremely pertinent. The cases cited by the appellant on the matter of notice were decided under the Act of 1915, which, as to notice, was radically different from the present law. The appellant seems to have overlooked

the fact that the section of the Act on notice was changed in 1919 and re-enacted as changed in the Act of 1929. We quote section 22 of the Indiana Workmen's Compensation Act of 1929, *supra,* as it now is after the change made in 1919 and the re-enactment in 1929: "Sec. 22. Unless the employer or his representative shall have actual knowledge of the occurrence of an injury or death at the time thereof or shall acquire such knowledge afterward, the injured employee or his dependents, as soon as practicable after the injury or death resulting therefrom, shall give written notice to the employer of such injury or death.

"Unless such notice is given or knowledge acquired within thirty days from the date of the injury or death, no compensation shall be paid until and from the date such notice is given or knowledge obtained. No lack of knowledge by the employer or his representative, and no want, failure, defect or inaccuracy of the notice shall bar compensation, unless the employer shall show that he is prejudiced by such lack of knowledge or by such want, failure, defect or inaccuracy of the notice, and then only to the extent of such prejudice."

There is some evidence to sustain the finding that on the date of the accident the appellant "had knowledge at the time." The stipulation above set out is to the effect that "notice was given on March 25, 1932, of the death and claim." There is not a scintilla of evidence even tending to show that the appellant was in any manner prejudiced by any lack of knowledge or want, failure, defect or inaccuracy of the notice. The burden was upon the appellant to show such prejudice if it existed. Even if it be shown that the employer has been prejudiced it shall not bar compensation except only to the extent of such prejudice. See Sec. 22 of the Indiana Workmen's Compensation Act, 1929, *supra.* The said

section 22 of the Act of 1915 as to notice, in effect provided, that if the employer did not waive notice, the employee, as a prerequisite to recovering compensation had to give the notice within 30 days after the occurrence of the injury or death unless he gave a reasonable excuse to the satisfaction of the Industrial Board for not giving such notice. The present law as to notice as pointed out heretofore is so essentially different from the Act of 1915 as to render the decisions relied upon by the appellant of no value as to the notice required.

The appellee has filed a motion to dismiss this appeal on account of alleged defects in the preparation of the appellant's briefs. In turn the appellant has asked leave to amend its assignment of errors and briefs to meet appellee's objections thereto. We have concluded to overrule the motion to dismiss the appeal which is now done and to decide the case upon the merits. The motion of the appellant for leave to amend its assignment of errors and its briefs is therefore also overruled.

The Board found that during the period of total disability of the decedent from December 18, 1931, to February 9, 1932, inclusive, amounting to 7 5/7 weeks, the appellant paid the full wages of the said decedent and this time was by the Board deducted from the 300 weeks allowed by law for death. Neither the appellant nor the appellee have raised any question as to this specific deduction and we express no opinion in reference thereto.

We believe the award of the full Board is not contrary to law and it is affirmed, and is increased 5% as provided by law.