EARHART *v.* CYCLONE FENCE COMPANY.

[No. 15,196. Filed May 31, 1934.]

*Connor D. Ross,* for appellant.

*White, Wright & Boleman, Knapp, Beye, Allen & Cushing, Joseph L. Earlywine,* and *Paul R. Conaghan,* for appellee.

KIME, J.—This appeal is predicated upon a final award of the Industrial Board denying appellant compensation for injuries sustained by him, from two accidents, while in the employ of appellee, which injuries aggravated an existing impairment.

It appears that on July 16, 1931, appellee was in good health and was in the employ of appellants and while operating a galvanizing machine stepped to the side of the machine to wash a rod, which was part of the machine. An unguarded set screw, in the collar on the line shaft, caught his overalls near the top of his leg and wound him up in the line shaft. Appellant was unable to extricate himself and he objected to being cut loose because he had some flesh around the shaft that he did not want cut into and he was released only by backing up the machine. Within two hours thereafter appellant showed Mr. Bruce, the superintendent, a bruise on his right groin. That evening his body showed bruises and blood was oozing out where the skin had been broken. At the time of the accident appellant was wearing a truss, which fully retained a small hernia on the right side, caused by a strain occurring in 1929, while appellant was in the employ of appellee, but for which he claimed no compensation and continued working after having purchased a truss.

The accident of July, 1931, tore this place so large that a single truss could not retain it and the doctor of appellee prescribed and paid for a double truss for appellant's right side, which truss was no more effective to retain this inguinal hernia than the single truss was. After the accident the machine appellant operated was so adjusted and lowered that appellant could lift the loads with the assistance of his knees.

In October of 1931, while repairing a splice in a driver, appellant slipped and fell. At that time he felt a pain like a bee sting on his left side and told the man in charge that he believed he ruptured himself on the left side and thereafter a hernia on that side developed. Appellant asked Mr. Bruce for an operation but the company would give him no assurance that it would pay the bills and consequently there was no operation. Appellant was then put on the fence gang but he quit work in January of 1933 because his legs and back hurt and he felt bad all over. He thought he had influenza but it developed that he was mistaken.

Appellant now has a small inguinal hernia on the left side and a large inguinal hernia on the right side, which can not be retained; he is unable to work, can not walk any distance and if he does his legs feel tired from his hips down and his back gives him considerable trouble and pain. The evidence also discloses that hernias, such as appellant has, can be caused by strain or trauma.

Appellee's only witness, Dr. Weaver, testified that an operation would probably cure the hernia on the left side but he questioned whether an operation would cure the hernia on the right side because of its long existence. None of the facts above stated were contradicted and all of the evidence was introduced on behalf of appellant, except the evidence of Dr. Weaver, before the single member and the full board heard the arguments

of counsel and heard the evidence read and found that appellant was in the employ of the appellee on July 17, 1931, and October 14, 1931, and that on January 6, 1933, he became disabled for work and that appellant's disability was not the result of any accidental injury sustained while in the employ of the appellee.

Appellant appeals, assigning as error that the award of the full board is contrary to law.

We have read all of the evidence contained in the transcript and nowhere do we find any contradiction of the above facts nor do we find any evidence to sustain the finding of the full Industrial Board that appellant's disability was not the result of any accidental injury sustained while in the employ of the appellee. The evidence disclosed that all essentials necessary to sustain a finding for claimant were established by him without contradiction. He proved that he was in the employ of appellee at the time of the accidents; that he sustained the two accidents complained of while so employed; that the aggravated condition of his existing impairment followed the two accidents, as above set out and that the appellee had notice of such accidents. In a measure appellee acknowledged that the first accident caused the aggravated condition by reason of the fact that appellee's doctor prescribed a double truss for appellant and appellee paid for it.

From the facts, as established by the evidence, only one reasonable conclusion can be reached and that is that the aggravated condition of appellant's impairment, which resulted in his present condition, was caused by the two accidents. It has been frequently held that when an employee afflicted with an impairment meets with an accident, which accident accelerates or aggravates the impairment to a state of disability, which disability does not result from the impairment progressing naturally there may be an award under the

act. *In Re Bowers* (1917), 65 Ind. App. 128, 116 N. E. 842; *Utilities Coal Co.* v. *Herr* (1921), 76 Ind. App. 312, 132 N. E. 262; *Owen* v. *Williams* (1926), 85 Ind. App. 92, 152 N. E. 841.

Dr. Weaver testified that a person who goes along for forty years and never experiences a hernia but sustains an accident that injures him in the region of the groin, that such injury would cause a hernia if the injured person had weak abdominal rings, and that over. pressure would naturally make the hernia larger. The above hypothesis fits the facts in the case here, and, therefore, supports the claim of appellant for compensation and does not sustain the finding of the Industrial Board.

Appellee sets up three propositions, the first is that this court should, on appeal, consider only the evidence favorable to it, together with all inferences reasonably deductible therefrom and favorable to its cause, and second, that if there is any competent evidence to sustain the findings of the board that this court will not weigh the evidence nor disregard it, although this court might consider a contrary inference equally as reasonable. As heretofore stated we find no evidence favorable to appellee and since there can be but one reasonable conclusion appellee's propositions 1 and 2 are of no avail.

Appellee's third proposition is to the effect that a disease which, under any *rational work* is likely to progress, so as finally to disable the employee, does not become a personal injury under the act merely because it reaches the point of disablement while work for an employer is being pursued. Can it be reasonably said that rational work involves an accident in which a workman's clothing was wound about a revolving shaft which caused the body of the workman to become pinched and lacerated in the region

of the groin? We think not. When a circumstance becomes so perilous to the workman that those present suggest that a knife be used to free his body from the clutches of a machine, in which perilous condition the workman was placed by an unguarded set screw, the words "rational work" do not apply.

The accidents causing the aggravation of appellant's impairment, which resulted in his disability, occurred in July and October of 1931, but he was not immediately disabled. With the aid of a truss and the adjustment of the machine at which he worked, so that he could have the assistance of his knees in lifting the loads, coupled with the fact that he was given lighter work with the fence gang, he continued to work for the same employer until January 6, 1933. During all this time his superior officers or men in charge knew of his condition and made the above adjustments to aid him and lighten his work. In January of 1933, as a result of the two accidents, he became totally disabled and was obliged to quit work. Under the circumstances it must be held that the real injury did not develop until January 6, 1933. *Hornbrook-Price Co.* v. *Stewart* (1917), 66 Ind. App. 400, 118 N. E. 315.

The award is reversed with instructions to the Industrial Board to enter an award in favor of appellant for total disability.