BROOKS *v.* INTERNATIONAL FURNITURE COMPANY

[No. 18,139. Filed October 19, 1951. Rehearing denied January 25, 1952. Transfer denied March 14, 1952.]

*Chauncey W. Duncan* and *John R. Frazier,* both of Rushville, for appellant.

*Roy A. Pope, Burke G. Slaymaker, Theodore L. Locke, Hugh E. Reynolds, Emerson Boyd* and *William B. Weisell,* all of Indianapolis, for appellee.

CRUMPACKER, J.—The appellant claims to have suffered an accidental injury while employed by the appellee in its plant at Rushville, Indiana, on November 25, 1945, and as a result thereof he says he became permanently and totally disabled on the 10th day of February, 1946. His application for compensation was denied by the Industrial Board upon the following finding of facts: "It is further found that on said date the plaintiff did not receive personal injuries by reason of an accident arising out of and in the course of his employment by the defendant; that any affliction the plaintiff may have at this time is due to causes unrelated to his employment with the defendant herein." The appellant contends that the controlling facts in this case are undisputed and that a reasonable consideration thereof compels a conclusion contrary to the award and therefore the same is contrary to law. The evidence upon which the appellant relies may be stated thus: On April

28, 1945, as the result of an automobile accident entirely disassociated and unconnected with his employment by the appellee, the appellant's left shoulder was dislocated and his left arm fractured. An open reduction of the fracture was necessary and during the operation staphylococcus bacteria found their way into the incision. Nature effectively isolated or sealed off these microbes and they became dormant and inactive. No infection resulted and with the shoulder joint back in place and the fracture of the arm properly reduced the bone knit and the wound healed in a normal manner and, by August 1, 1945, he was able to do light work. On that date the appellee, with full knowledge of his accident and the then weakened condition of his left shoulder and arm, employed him as a night watchman. Incidental to this work he was required to bring in scrap wood from a storage pile outside the plant to be used as fuel for the furnace. In performing this work he used a small box truck mounted on four swivel rollers which he pushed along two parallel tracks composed of planks laid on the ground from the factory building to the scrap pile. From August 1, 1945, to November 25, 1945, the condition of his arm and shoulder steadily improved and felt stronger and better progressively. On the night of November 25, 1945, he had loaded his truck with scrap wood and started back to the factory when it ran off the track. Using a timber as a lever he attempted to pry it back on the runway when the timber slipped and he fell forward against the truck striking it with considerable force with his left shoulder and arm over the fracture area. This broke down the seal or barrier by which nature had isolated the staphylococcus bacteria and they thereupon became activated. His arm and shoulder became sore and painful as the result of which he laid off work two days and upon his return

the appellee transferred him to a job requiring less physical effort. Shortly thereafter two red spots appeared on his arm over the point of the fracture which eventually ruptured forming a sinus through which pus began to drain. Although suffering much pain he continued to work until February 10, 1946, when he was taken to a hospital and his arm was again opened and a piece of splintered bone taken therefrom. Osteomyelitis had developed for which he was treated and the affected member put in a cast. He has been unable to work since and at the time of the trial pus was still draining from the sinus in his arm and his left shoulder had completely ankylosed resulting in a 30 percent impairment of the man as a whole.

The appellant insists that the above evidence is undisputed and entitle him to the relief sought as a matter of law. However the record discloses that on January 8, 1947, the appellant signed a written statement in which he said: "During the latter part of November, 1945, I had to use a box board truck to haul in wood for the furnace. I did not have any accident but my shoulder got to hurting while I was running this truck and got so bad that I had to quit work." He made no mention of the incident of November 25, 1945, whereby he was suddenly thrown against the truck with great force. Three weeks later he filed this claim in which he attributed his condition to overwork demanded of him by the appellee and makes no mention of the November 25 incident. On June 20, 1947, he was examined by Dr. C. B. DeMotte to whom, in relating the history of his injury, he again failed to mention the accident of November 25, 1945, but said that about November 30 of that year his shoulder began to bother him again and he thought it was probably due to pushing the truck. As a result of the examination Dr. DeMotte testified

that in his opinion the appellant's condition was the result of the original automobile accident of April 28, 1945, which, it is conceded, had no connection with the appellant's employment.

We recognize, of course, that where an accidental injury, arising out of and in the course of the employment, aggravates, accelerates or activates a pre-existing condition of or injury to an employee, the result is compensable. *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1948), 225 Ind. 517, 75 N. E. 2d 662; *Earhart* v. *Cyclone Fence Co.* (1934), 99 Ind. App. 48, 190 N. E. 558. It must be conceded also that there is ample evidence in the record to support an affirmative award based on the appellant's theory of liability had the Industrial Board seen fit to so do.

Such a situation however does not justify this court in reversing the present unfavorable award unless the controlling facts are such that reasonable men are forced to a conclusion contrary to that reached by the Industrial Board. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116; *James* v. *Zimmerman Coal Co.* (1938), 105 Ind. App. 28, 13 N. E. 2d 315. Considering all the facts, as we have detailed them above and the legitimate inferences therefrom, it seems to us that reasonable men might have well questioned the fact that the appellant had any accident whatever after his return to work on August 1, 1945. The negative circumstances we have related, to quote the language used in *Wright* v. *Peabody Coal Co., supra,* "might well have been considered in determining the weight to be given to the appellant's testimony even to the point of rejecting it as to the item of injury. Of course the trier of the facts cannot arbitrarily reject items of oral evidence but, even

though a particular item of evidence is not expressly or directly contradicted, this does not prevent the trier from taking into consideration all of the other evidence including circumstances and surroundings that might in any way affect the weight or credibility of such evidence, and the trier may disregard oral evidence if considered unreasonable or inconsistent with facts and circumstances shown by other evidence in the case." Through the application of these principles to the facts in the present case the award of the Industrial Board can be justified and therefore it is not contrary to law.

During its review of the hearing member's finding and award the Full Industrial Board denied a petition by the appellant to introduce additional evidence. This was a matter within its sound discretion and, unless abused, its exercise thereof is not subject to review. *Blessinger* v. *Olinger* (1933), 97 Ind. App. 636, 187 N. E. 684; *Flinn* v. *Hartley* (1933), 96 Ind. App. 320, 184 N. E. 915. An examination of the appellant's petition indicates that the additional testimony he sought to introduce was cumulative and corroborative in nature and we see no abuse of discretion in its refusal.

Complaint is made of a letter written by the appellee's attorney and mailed to the Industrial Board after the final hearing and before the award. No issue was made of the matter before the board although the appellant had full knowledge of it. It cannot be presented here for the first time. *Employers' Liability* v. *Merritt* (1947), 117 Ind. App. 697, 75 N. E. 2d 803; *McGill Manufacturing Company, Inc.* v. *Dodd* (1945), 116 Ind. App. 66, 59 N. E. 2d 899.

Award affirmed.

NOTE.—Reported in 101 N. E. 2d 197.

## ON PETITION FOR REHEARING

CRUMPACKER, J.—The appellant complains of our initial opinion herein because we failed "to expressly decide and pass upon the question duly presented in appellant's brief as to whether or not the Full Industrial Board decided the question of whether or not appellant received personal injuries by reason of an accident arising out of and in the course of his employment by the appellee on November 25, 1945."

We find, upon a re-examination of the record, that the date of the appellant's alleged accident is fixed as of February 10, 1946, in his application for compensation. The undisputed evidence however indicates that he relies upon an accident which he claims occurred on November 25, 1945. It is evident that the Industrial Board, in preparing its award, used the date stated in the application and found that the appellant suffered no accident arising out of and in the course of his employment on that date and made no finding concerning an alleged accident on November 25, 1945. The appellant now insists that the award should be reversed because such finding does not dispose of the real issue in the case, to-wit, did the appellant suffer accidental injuries arising out of and in the course of his employment on November 25, 1945? The failure of the board to dispose of this issue is rendered harmless by its further finding that the injuries for which the appellant seeks compensation are "due to causes unrelated to his employment with the defendant herein."

Other grounds for a rehearing, ably presented, concern matters discussed in our initial opinion. We remain unpersuaded of error.

Rehearing denied.

NOTE.—Reported in 103 N. E. 2d 221.