BENDIX PRODUCTS DIVISION *v.* KOLBERG.

[No. 19,499.    Filed February 28, 1961.    Rehearing denied June 14, 1961. Transfer denied May 17, 1962.]

*William A. Wick, Carl T. Reis, George C. Forrey III, Edward B. Raub, Jr.,* and *Jacob S. White,* all of Indianapolis, for appellant.

*Robert J. Mahoney,* of South Bend, for appellee.

GONAS, J.—Appellee filed a claim before the Industrial Board of Indiana, seeking an adjustment of Workmens' Compensation benefits for personal injuries allegedly received from an accident arising out of and in the course of his employment with appellant.

The Full Industrial Board found, inter alia, that on October 7, 1957, appellee sustained personal injuries by reason of an accident arising out of and in the course of his employment with appellant, of which injury, appellant had knowledge, and did not furnish statutory medical supplies, and that appellee is temporarily totally disabled on account of said accidental injury. The board entered an award consistent with its' findings and this appeal followed.

Appellant assigns as error in this court, that the award of the Industrial Board is contrary to law, such assignment raises the question of the sufficiency of the evidence to sustain the findings of the board. It is not our station to weigh the evidence in reviewing the same, instead;

". . . In considering the evidence in this case we are cognizant of the well-established rule that this court will not distrub a finding of fact made by the Industrial Board, unless the evidence, with all inferences reasonably deducible therefrom, is of such conclusive nature to force a contrary conclusion." *Heflin* v. *Red Front Cash and Carry Stores* (1947), 225 Ind. 517, 75 N. E. 2d 662.

Appellee, seventy-one (71) years of age on the date of the injury involved in this controversy, was employed as an "oiler" in appellant's plant. On October 7, 1957, appellee, while in the discharge of the duties of his employment, attempted to lift a fifty (50) gallon barrel of oil. Thereupon, he heard something snap inwardly, felt sensations in his left shoulder and became unconscious, or "blanked out."

Three doctors gave testimony, two by deposition and one orally, which testimony may be summarized most favorably to the appellee as follows;

Appellee had a physical ailment in 1955, which was diagnosed initially, as a malignant tumor, or an esophogeal hiatus hernia, subsequent diagnoses eliminated the possibility of a malignant tumor. This condition was found to be not disabling and appellee was advised by his doctor that he could return to work. Appellee was examined by a physician after the injury complained of here, and his ailment was found to be, without a doubt, a hiatus hernia. One doctor testified that this hernia could have been the result of an injury or a strain. Appellee was found to be completely disabled, and appellee's doctor advised him to have surgical repair of this hernia defect.

Appellant claims that the Industrial Board erred in overruling its objection to evidence of a physician on the ground that such physician had failed to fur-

nish appellant a statement in writing of the condition of appellee, as provided in §40-1227, Burns' 1952 Repl.

Appellee contends that the witness was not called to testify as a physician or surgeon, but merely as an x-ray technician. However, we do not find it necessary to enter upon such contentions.

If there is sufficient competent testimony in the record to sustain the findings of the board, without the aid of the testimony objected to, the award of the board will be sustained. Assuming without deciding that the board could have properly sustained appellant's objection, the failure to do so was not harmful to appellant, for there was other evidence in the record, from which the board could have found the factual foundation for allowance of compensation benefits to appellee. *Johnson* v. *P. R. Mallory, Inc.,* (1946), 117 Ind. App. 119, 69 N. E. 2d 757.

We are of the opinion that the evidence in the record and the reasonable inference to be drawn therefrom are sufficient to sustain the finding of the board. The fact that appellee experienced an ailment in 1955, which could have been, and apparently was, a hernia does not destroy the compensability for his 1957, accidental injury.

The rule is well settled in Indiana that an injury which hastens or accelerates a pre-existing disease or infirmity to the state of disablement is compensable though the employee's condition may have made him more susceptible to the injury. *Small, Workmen's Compensation Law of Indiana, §8.41,* p. 216 (Pre-Existing Weakness) ;

". . . As in the other cases of pre-existing weakness or susceptibility, the Indiana cases are in agreement that if the proximate cause of the condition is the strain or over-exertion, the pres-

ence of an already existing weakness is immaterial. It is only necessary that the exposure aggravate the weakness to a point of disability. . . ."

*In re: Bowers et al.* (1917), 65 Ind. App. 128, 116 N. E. 842; *Frenz* v. *Ferguson* (1926), 85 Ind. App. 347, 154 N. E. 35; *Puritan Bed Spring Co.* v. *Wolfe* (1918), 68 Ind. App. 330, 120 N. E. 417; *Heflin* v. *Red Front Cash and Carry Stores, supra.*

In the Wolfe case, *supra,* an employee, afflicted with a pre-existing hernia lifted a one hundred fifty (150) pound bale of wire, which caused the intestine to protrude into the hernial sac. This court, in said case, remarked:

". . . Where an employee affected with disease receives a personal injury under such circumstances that the act in question would entitle him to compensation had there been no disease involved, and such disease is materially hastened to a final culmination by the injury, there may be an award, if it is shown that such injury was the result of an accident; that in such cases the court will not undertake to measure the degree of disability due respectively to the disease and to the accident, but the consequences of the disease will be attributed solely to the accident. . . ."

We know of no Indiana authority to the contrary, and appellant has cited none.

Appellant asserts further, that appellee did not file a claim for aggravation of his pre-existing condition. However, the record here, and the facts as found by the board do not establish a case of aggravation. Rather, the facts show a condition and occurence falling squarely within the rule announced in the foregoing cited authorities. It follows there-

fore, that the contention argued by appellant is without merit and not sustained by the evidence.

Finding no ground for reversal, the award of the Full Industrial Board is affirmed, with statutory penalty.

Pfaff, P. J., Bierly and Kelley, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 589.