BETHLEHEM STEEL CORPORATION *v.* DAVID CUMMINGS.

[No. 2-773A164. Filed May 9, 1974. Rehearing denied July 10, 1974. Transfer denied October 21, 1974.]

*Larry G. Evans, Karen L. Hughes, Chester, Clifford, Hoeppner and Houran,* of Valparaiso, for appellant.

*John J. Davie,* of LaPorte, for appellee.

GARRARD, J.—This is an appeal from a decision of the Full Industrial Board (Board) awarding temporary total disability and permanent partial impairment for a low back injury.

The evidence favorable to the board's action may be summarized as follows: Prior to January 30, 1970, the claimant (Cummings) had experienced no problem with his back although he had a partial lumbarization of the first sacral segment of his spine together with a slight scoliosis, or curvature, of the spine.

On January 30 while attempting to carry a bucket of material weighing approximately 100 pounds, Cummings felt a sharp pain in his lower back which caused him to drop the bucket and fall to the floor. Upon reporting to the plant clinic he was placed on light duty. Four days later he again reported to the clinic that he had slipped at home and his back began hurting again. By February 6 he felt better and was returned to regular duty. He continued to work until April 12, although he testified to periodic discomfort with his back. On the 12th he went on vacation in lieu of layoff for reasons not related to this case and did not return to work until May 17. On May 30 he reported to the clinic that he had hurt his back on May 28 while attempting to lift a large ladle at work. On May 31 he awoke with a severe pain and went to a hospital. A herniated disc was subsequently discovered at the L5-S1 level. A laminectomy and spinal fusion were performed in July. In December Cummings filed his Form 9 application.

The employer's appeal is based first upon the asserted significance of Cummings' pre-existing condition, and, secondly, upon the asserted significance of the May accident,

which also occurred in the course and scope of Cummings' employment.

On the issue of Cummings' pre-existing back condition, the employer argues that the Board's findings are inadequate since they fail to specifically determine the extent of the claimant's congenital back defects and the extent of the aggravation caused by the industrial injury. The employer further asserts that the award is contrary to law since claimant is entitled to be compensated only for the aggravation.

In support of its position the employer cites IC 1971, 22-3-3-12, Ind. Ann. Stat. § 40-1305 (Burns 1965), which provides in part:

> "If an employee has sustained a permanent injury . . . from other cause or causes than the employment in which he received a subsequent permanent injury by accident . . . he shall be entitled to compensation for the subsequent permanent injury in the same amount as if the previous injury had not occurred: Provided, however, That if the permanent injury for which compensation is claimed, results only in the aggravation or increase of a previously sustained permanent injury or physical condition . . . the board shall determine the extent of the previously sustained permanent injury or physical condition, as well as the extent of the aggravation or increase resulting . . . and shall award compensation only for that part . . . resulting from the subsequent permanent injury."

Our prior decisions make it clear that the concern of this statute lies in those instances where a claimant at the time of the complained of incident is already suffering an impairment or disability in the affected members. Where he merely has a physical condition which renders him more susceptible to being injured, he is entitled to recover for the full extent of the injury received. *Magazine* v. *Shull* (1945), 116 Ind. App. 79, 60 N.E.2d 611; *Bendix Products Div.* v. *Kolberg* (1961), 133 Ind. App. 405, 172 N.E.2d 589; *Steele* v. *Anderson Company* (1956), 126 Ind. App. 445, 133 N.E.2d 896. See, also, Small, *Workmen's Compensation Law,* pp. 216, 217.

The Board found that "plaintiff never injured his back in any accident or by any other means prior to January 30, 1970." We have consistently held that the term "injury" as used in Industrial Board proceedings refers to the occurrence of disability or impairment. *Earhart* v. *Cyclone Fence Co.* (1934), 99 Ind. App. 48, 190 N.E. 558; *Hornbrook-Price Co.* v. *Stewart* (1918), 66 Ind. App. 400, 118 N.E. 315. Accordingly, if supported by the evidence, this finding by the Board is sufficient to determine that there was no pre-existing impairment such as to invoke the proviso of § 40-1305.

In considering support for the finding, we will not weigh the evidence, but will consider only the evidence and reasonable inferences to be drawn therefrom most favorable to the finding. It is only where such evidence is so conclusive as to force a contrary conclusion from that reached by the Board, that the finding should not be sustained. *U.S. Steel Corp.* v. *Dykes* (1958), 238 Ind. 599, 154 N.E.2d 111; *Smith* v. *Graver Tank & Manufacturing Co.* (1973), 158 Ind. App. 431, 302 N.E.2d 852.

Here the claimant testified that he had no back problems or injuries prior to the January accident. In addition, Dr. Edward Mladick, the orthopedic surgeon who performed the surgery, testified that in his opinion the unilateral lumbarization had no direct relationship to the claimant's injury. This evidence is sufficient to support the finding.

Appellant also complains that the Board failed to make an apportionment between the effects attributable to the January accident and those attributable to the May accident. This contention is without merit. Both incidents admittedly arose out of, and in the course of, claimant's employment, and he is entitled to full recovery for the injury received.[1]

---

1. See, Earhart v. Cyclone Fence Co. (1934), 99 Ind. App. 48, 190 N.E. 558, where accidents in July and October resulted in the injury sued upon. See, also, IC 1971, 22-3-3-14, 15; Ind. Ann. Stat. § 40-1306, 1307 (Burns 1965).

Accordingly, the Board did not make insufficient findings regarding apportionment, nor was its decision failing to apportion Cummings' impairment contrary to law.

Appellant's remaining contentions mount a two-pronged attack upon the Board's finding that claimant sustained his injury from the January accident. Appellant contends that the evidence demonstrates the May accident caused the injury. Thus, appellant urges that the decision finding the January accident to have been the culprit is not sustained by the evidence, and since Cummings did not file a claim asserting the May accident (the statute of limitations having since run) he should be barred from recovery.[2]

We, therefore, examine the record to determine whether there was evidence of probative value to support this determination by the Board. We conclude that there was.

Dr. Mladick, the orthopedic specialist, explained that for a vertebral disc to rupture it must proceed through or behind the protective ligament, and ordinarily numerous trauma to the back contribute to the eventual rupture. He also explained that for purposes of diagnosis, it is difficult for the physician to differentiate a herniated disc from low back strain or sprain until the disc protrudes far enough to impinge upon a nerve root. Then the patient will also feel pain in the area (here the legs) affected by the nerve involved. He testified that the May accident was probably the final act causing the disc to herniate *"to the point where it was impinging* upon the nerve root and causing the leg pain." However, he also testified that the January accident could[3] have caused the disc to herniate and probably did contribute to the eventual outcome.

2. The Board might have deemed the pleadings amended to include the proof of the May accident. Trustees of Indiana University v. Rush (1934), 99 Ind. App. 203, 192 N.E. 111; Taylor v. Casting Service Co. (1947), 117 Ind. App. 599, 74 N.E.2d 927. However, the findings made expressly relate the disability and impairment to the accident of January 30.

3. The use of words such as "could," "might" and "possible" by a physician when coupled with other credible evidence of injury are sufficient to support a finding. Magazine v. Shull, *supra.*

An overview of claimant's own testimony supports a reasonable inference that his injury was caused by the January accident. He testified to no problem with his back prior to that date, and to a more-or-less continuing one thereafter until he awoke in great pain and went to the hospital on May 31. Sometimes the pain was pronounced and sometimes not. When he would get his days off on the weekend, he would "just lay around" and the pain would be gone by the time he returned to work. Then it would recur. He described the problem as "nagging" and "persistent."

Accordingly, the evidence is not so conclusive as to force a conclusion contrary to the Board's finding, and appellant has thus failed to demonstrate reversible error. *U.S. Steel Corp.* v. *Dykes, supra; Smith* v. *Graver Tank & Manufacturing Co., supra.*

The decision of the Industrial Board is therefore affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 310 N.E.2d 565.